# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>      Plaintiff,<br><br>      v.<br><br>KRAFT FOODS GROUP, INC. AND MONDELĒZ GLOBAL LLC,<br><br>      Defendants. | Civil Action No.: 15-2881<br><br>Honorable John Robert Blakey |

**CONSOLIDATED REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTIONS BY PLAINTIFFS HARRY PLOSS, RICHARD DENNIS, AND HENRIK CHRISTENSEN FOR A FINDING OF RELATEDNESS AND REASSIGNMENT**

# I. INTRODUCTION

Plaintiffs[1] respectfully submit this consolidated reply in order to demonstrate that the objections to reassignment do not withstand scrutiny, and all four requirements for reassignment under Local Rule ("LR") 40.4(b) are satisfied.

**First**, Defendants Kraft Foods Group, Inc. and Mondalēz Global LLC (collectively, "Defendants") and the Commodity Futures Trading Commission ("CFTC") (collectively, "Objectors," *see* Dkt. Nos. 43, 44) concede that the CFTC Action and the Private Actions are "related" under LR 40.4(a) and that "both cases are pending in this Court" under LR 40.4(b)(1). *Compare, e.g.,* Dkt. No. 10, ¶¶3-6 *with* Dkt. Nos. 43, p. 3 and 44 *passim*.

This concession is especially significant due to the "esoteric"[2] nature of commodity futures markets and the "complex"[3] nature of claims for manipulation in violation of the Commodity Exchange Act, 7 U.S.C. §1 *et seq*. ("CEA"). As is demonstrated below, it would be a waste of judicial resources to have two different Judges and Chambers learn and apply the same highly "complex" legal issues to the same "esoteric" fact-intensive issues repeatedly in the same procedural but parallel contexts.

**Second**, contrary to the Objectors, the judicial economy interests of having the self-same "complex" legal issues applied to the self-same "esoteric" facts by the same Judge, **have apparently caused** prior private class actions alleging manipulation in violation of the

---

[1] "Plaintiffs" refers to Harry Ploss ("Ploss"), Richard Dennis ("Dennis"), and Henrik Christensen ("Christensen"). *See Harry Ploss v. Kraft*, 15-cv-02937; *Richard Dennis v. Kraft*, 15-cv-03155; *Henrik Christensen v. Kraft*, 15-cv-03367. Plaintiffs believe that the same arguments apply to and benefit the other private actions.
[2] *Merrill Lynch, Pierce, Fenner & Smith v. Curran,* 456 U.S. 353, 356 (1982).
[3] *In re Sumitomo Copper Litigation,* 74 F.Supp.2d 393, 397 (S.D.N.Y. 1999).

1

Commodity Exchange Act, 7 U.S.C. §1 *et seq*. ("CEA") to be related to the CFTC case before the same Judge.[4] *E.g.*:

- ***Compare*** *In re Crude Oil Commodity Futures Litig.*, Case No. 11-3600, Docket Entry dated June 7, 2011 and Dkt. No. 3 (S.D.N.Y.) **with** *U.S. Commodity Futures Trading Comm'n v. Parnon Energy Inc., et al.*, 11-cv-3543, (S.D.N.Y.); and

- ***Compare*** *In re Optiver Commodities Litig.*, Case No. 08 Civ. 6842, Docket Entry dated August, 26, 2008 (S.D.N.Y.) **with** *U.S. Commodity Futures Trading Comm'n v. Optiver US, LLC et al*, Case No. 08 Civ 6560, (S.D.N.Y.).

*See* LR 40.4(b)(2). As is demonstrated in Argument Pt. C below, there were substantial judicial economy gains from relating the above sets of actions before a single Judge. Further, reassignment to a single Judge will avoid potentially inconsistent or conflicting rulings if the CFTC Action is handled separately from the Private Actions.

**Third**, the Objectors effectively but erroneously equate the "**susceptible** of disposition in a **single proceeding**" language in LR 40.4(b)(4) with the standards for a joint trial under FRCP Rule 42. Dkt. No. 43, p. 5, Dkt. No. 44, pp. 4-13. But "susceptible" of disposition in a "single proceeding" actually means or includes claims "capable" of being resolved on summary judgment. *See*, *e.g., Pactiv Corp. v. Multisorb Techs., Inc.*, No. 10 C 461, 2011 U.S. Dist. LEXIS 15991, at *13-14 (N.D. Ill. Feb. 15, 2011). (Conspicuously, Defendants do **not** say there will be no summary judgment motions here. Dkt. No. 44 *passim*.)

In addition to the summary judgment motion type of susceptibly to disposition in a single proceeding, LR 40.4(b)(4) is also satisfied for another reasons. The claims are additionally capable of disposition in a single, lagged trial proceeding in which the trial on the manipulation

---

[4] Civil cases for commodity futures manipulation are rare. Approximately 33 class actions alleging manipulation had been filed since the enactment of the CEA in 1974, or one about every 1.25 years. (This is derived from a WESTLAW search of the ALLFEDS database specifying "class /3 action /p commodity! /s manip!" and culling duplicates and non-commodity cases. Last searched May 14, 2015.)

2

claims is heard first and, thereafter, the remaining issues are tried. The exact parameters of this bifurcation need not be delineated (or even proposed) now. After discovery, the grant **or denial** of the class certification motion, and possibly even the resolution of summary judgment motions, the issues will be clarified for trial. Appropriate parameters for a bifurcated trial may then be proposed.

Also directly contrary to the Objectors, the speculative limit violations and non-competitive trading **are** parts of the bases for the allegations of manipulation in the Private Actions. *See Ploss v. Kraft Foods Group, Inc., et al.,* 15-cv-2937, Dkt. No. 1, ¶4; *Dennis v. Kraft Foods Group, Inc., et al.*, 15-cv-3155, Dkt. No. 1, ¶6.

**Fourth**, the Objectors argue that the presence of class action allegations prevents satisfaction of LR 40.4(b). Dkt. No. 43, p. 4, Dkt. No. 44, p. 4-8. But class action claims for manipulation have repeatedly been related to prior CFTC claims. *See* cases collected in "**Second**" above. Contrary to Defendants' implication, commodity futures manipulation class actions and individual actions have repeatedly been related. *E.g.*:

- *Compare Strobl v. NYMEX*, 582 F.Supp. 770 (S.D.N.Y. 1984) *aff'd* 768 F.2d 22 (2d Cir.1985) (individual action was tried) *with Nat'l Super Spuds, Inc. v. New York Mercantile Exch.*, 470 F. Supp. 1256, 1257-58 (S.D.N.Y. 1979) *rev'd sub nom. Leist v. Simplot*, 638 F.2d 283 (2d Cir. 1980) *aff'd sub nom. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 102 S. Ct. 1825, 72 L. Ed. 2d 182 (1982) (related class action was settled); and

- *Compare Minpeco, S.A. v. Hunt,* 718 F. Supp. 168, 170 (S.D.N.Y. 1989) (individual action was tried) *with Gordon v. Hunt,* 116 F.R.D. 313, 315 (S.D.N.Y.) aff'd, 835 F.2d 452 (2d Cir. 1987) (related class action settled).

Still further contrary to Objectors, individual actions are repeatedly related to class actions in this Court. *See, e.g., Fairbanks Capital Corp. v. Jenkins,* Case No. 02-cv-3930, 2002 WL 31655277 (N.D. Ill, Nov. 25, 2002); *Popovich v. McDonald's Corp.,* 189 F. Supp. 2d 772, 778 (N.D. Ill. 2002); *Anderson v. Cornejo*, 199 F.R.D. 288 (N.D. Ill. 2000).

3

Whether the class motion is granted, is very pertinent to this issue as well. (Defendants conspicuously have not said they will stipulate to class treatment.) What is clear now is the following. There is an emphasis on the synchronization of the class certification expert reports with the merits of the case. *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013). There are increasingly overlapping areas of merits and class issues in class certification decisions. *See* Argument Pt. C below. Therefore, the class certification motion should **follow** the merits fact discovery and will not delay the CFTC action at all. *Id*.

**Fifth**, Contrary to Defendants, Plaintiffs have not "failed to assert specific facts in support of their motions." Dkt. No. 44, p. 2. Defendants' vague argument seems to suggest that the requirements of LR 40.4(b)(4) or (2) supposedly cannot be met because Plaintiffs do not address "the impact of class certification in their motions," or other issues. *Id*., p. 6. But there is no requirement that Plaintiffs predict Objectors' incorrect assertions of supposed lack of precedent, and refute same in the moving papers. Now that Defendants have raised class certification and other issues as a supposed bar to reassignment, Plaintiffs have amply responded.

**Finally**, to any extent this Court concludes that reassignment under LR 40.4(b) is not appropriate, the Court may and should recommend that the Executive Committee of this District order the CFTC Action and the Private Actions to be coordinated pursuant to Internal Operating Procedure ("IOP") 13(e), which will avoid inconsistent rulings in all of these cases involving the same facts and legal issues.

## II.     ARGUMENT

As set forth below, Rule 40.4(a) concerning relatedness and the four criteria of Rule 40.4(b)(1)-(4) concerning reassignment are all satisfied. Relation and reassignment of the Private Actions to the CFTC Action is appropriate.

**A. LR 40.4(a) and LR 40.4(b)(1) Are Satisfied—The CFTC and Defendants Do Not Contest the Relatedness of the CFTC Action and Private Actions Under LR 40.4(a) or That Both Actions are Pending In This Court Under LR 40.4(b)(1).**

Neither the CFTC nor Defendants dispute Plaintiffs' showing that the CFTC Action and the Private Actions are "related" pursuant to LR 40.4(a) or that "both cases are pending in this Court" pursuant to LR 40.4(b)(1). *Compare* Dkt. No. 10 *with* Dkt. Nos. 43 and 44 *passim*. Thus, these requirements are satisfied.

**B. LR 40.4(b)(3) Is Satisfied—The CFTC and Defendants Cannot Credibly Argue that the CFTC Action Has Progressed Substantially Further than the Private Actions.**

The CFTC Action and the Private Actions were filed within weeks of one another and Defendants have not answered or otherwise responded to the filed complaints. *Compare* CFTC Action, Dkt. No. 1 (complaint filed on April 1, 2015) *with Ploss, et al. v. Kraft Food Group, Inc., et al.*, 15-cv-2937 (complaint filed on April 2, 2015); *compare also Sunstar, Inc. v. Alberto-Culver Co.*, Nos. 01 C 0736, 01 C 5825, 2003 U.S. Dist. LEXIS 13492, at *7 (N.D. Ill. Aug. 1, 2003) (declining to reassign case where earlier filed cases were on the eve of trial, and the later-filed case was still addressing preliminary motions)

Defendants do not dispute that the various actions are in their infancies such that reassignment of the Private Actions would comply with LR 40.4(b)(3). Dkt. No. 44, *passim*. While the CFTC makes a short argument that reassignment of the Private Actions would supposedly delay the CFTC Action in violation of LR 40.4(b)(3),[5] its argument is without merit. Under LR 40.4(b)(3), courts are concerned with whether *at the present time*, "the earlier filed case has not progressed to the point where designating a later filed case as related would be

---

[5] In its opposition, the CFTC denominated the relevant rule as LR 40.4(c). (*See* CFTC Objection and Response to Motions for Finding of Relatedness ("CFTC Opp. Br.") at 5).

likely to delay the proceedings in the earlier case substantially." LR 40.4(b)(3). There has been no such "progress" in the CFTC Action.

   C. **LR 40.4(b)(3) Is Satisfied—Reassignment to the CFTC Action of the Private Actions Would Substantially Save Judicial Time and Effort.**

Judicial efficiencies and the avoidance of inconsistent rulings by different judges strongly favor reassigning the Private Actions to proceed with the CFTC Action. *See* "**Second**" and "**Third**" *supra* and cases collected there. CFTC enforcement actions and private class actions alleging manipulation have been related when the actions (like here) arise from the same nucleus of operative facts and involve overlapping questions of law. Again, CEA cases often involve a significant investment of judicial time and resources due to the "complex" and "esoteric" nature of the underlying subject matter. *See* cased cited at fns. 2-3 *supra*.

For example, in *Crude Oil*, Judge Pauley accepted the plaintiffs' private class action alleging manipulation in violation of the CEA as "related" to a similar previously filed action by the CFTC. *In re Crude Oil*, 11-cv-3600, Docket Entry dated June 7, 2011 and Dkt. No. 3. In order to efficiently manage the related actions, Judge Pauley first decided the defendants' motion to dismiss the CFTC action and then subsequently decided the remaining *incremental issues* concerning defendants' motion to dismiss the private plaintiffs' claims. *Compare U.S. Commodity Futures Trading Comm'n v. Parnon Energy Inc.*, 875 F. Supp. 2d 233, 236 (S.D.N.Y. 2012) (denying defendants' motion to dismiss the CFTC complaint) *with In re Crude Oil Commodity Futures Litig.*, 913 F. Supp. 2d 41 (S.D.N.Y. 2012) (denying defendants' motion to dismiss the private plaintiffs' class action complaint).

After deciding the motions to dismiss, Judge Pauley coordinated the schedules of the private plaintiffs' action and the CFTC action. Despite the fact that the schedule in the private action schedule provided for class certification issues, both actions were scheduled for a final

pre-trial conference on the same day. *Compare In re Crude Oil*, 11-cv-3600, Dkt. No. 130 (scheduling order in private action) *with U.S. Commodity Futures Trading Comm'n v. Parnon Energy Inc., et al.*, 11-cv-3543, Dkt. No. 64 (S.D.N.Y.). Among other things, this allowed for the coordination of discovery, including depositions, which resulted in substantial savings of time and expense for the parties and witnesses. The CFTC action settled after fact discovery and the private class action is now stayed as the parties try to complete a settlement.

Similarly, in *In re Optiver Commodities Litig.*, Case No. 08 Civ. 6842, Docket Entry dated August, 26, 2008 (S.D.N.Y.), the class action alleging manipulation in violation of the CEA, was accepted as related to a similar action previously filed by the CFTC. First, the CFTC case settled pursuant to Court ordered proceedings. *See U.S. Commodity Futures Trading Commision v. Optiver US, LLC et al*, Case No. 08 Civ 6560, Dkt. No. 45 (S.D.N.Y.). Later, the class action before the same Judge similarly settled. *See In re Optiver Commodities Litig.*, Case No. 08 Civ. 6842, Dkt. No. 67 (S.D.N.Y.).

Here, as in *Parnon* and *Optiver*, the Private Actions arise from the same conduct that is the subject of the CFTC Action, and the actions on their face present numerous identical questions of law and discovery. *See Schnierson v. Retail Props. Of Am.*, No. 12 C 6743, 2012 U.S. Dist. LEXIS 139900, at *4 (N.D. Ill. Sept. 27, 2012) ("Although the theories of each case may be slightly different, the overlap in facts, relevant law and discovery indicate reassignment would be the most effective use of court resources").

For example, the elements of one type of claim for manipulation which is present in both cases here are "(1) the defendant possessed the ability to influence prices; (2) an artificial price existed; (3) the defendant caused the artificial price; and (4) the defendant specifically intended to cause the artificial price." *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 244 F.R.D. 469, 481 (N.D. Ill.

2007) *aff'd,* 571 F.3d 672 (7th Cir. 2009). Accordingly, the four issues that will dominate the legal, discovery, and expert issues on this claim will be:

- Did Defendants possess the ability to influence prices?
- Did Defendants cause the movement in prices?
- Did Defendants intend to move prices?
- Did prices become artificial?

Regarding the last element, artificiality, the degree of artificiality determines the amount of damages in a civil case. Therefore, while the Objectors are correct that damages are an issue additional in the Private Actions, the subject matter and additional work are **extensions** of the common issue of artificiality.

**Different Claims in The Class Action**. The Objectors argue that exceeding speculative limits and selective trade violations are different from the Private Actions. Dkt. No. 43, pp. 4-5; Dkt. No. 44, pp. 8-10. But exceeding the position limits and anti-competitive trades **are** parts of the bases for the manipulation. *See Ploss v. Kraft Foods Group, Inc., et al.,* 15-cv-2937, Dkt. No. 1, ¶4; *Dennis v. Kraft Foods Group, Inc., et al.*, 15-cv-3155, Dkt. No. 1, ¶6. As artificiality overlaps with damages, so the position limit violation issues and non-competitive trading issues overlap with the manipulation.

**Class Action**. The CFTC and Defendants argue that the presence of class allegations **alone** precludes reassignment because class certification requires unique discovery and briefing and involves unique legal and factual findings. (*See* Def. Opposition to the Motions for a Finding of Relatedness ("Def. Opp. Br.") at 4-7; *see also* CFTC Opp. Br. at 4.) However, this Court has rejected this exact argument, finding that class allegations in one or more cases are "not a bar to reassignment" and would not substantially delay the resolution of a non-class case. *BP Corp. N. Am. Inc. Sav. Plan Inv. Oversight Comm. v. Northern Trust Invs., N.A.*, No. 08 Civ. 6029, 2009 U.S. Dist. LEXIS 50283, at *8-9 (N.D. Ill. June 15, 2009) (Hibbler, J.) (citing

*Popovich v. McDonald's Corp.*, 189 F. Supp. 2d 772, 778 (N.D. Ill. 2002) (reassigning individual claims with a class action claim).

Moreover, the cases are each complex and esoteric. *See* fns. 2-3 *supra*. Accordingly, the Objectors' foregoing argument that it would be more efficient for two judges to master the many common complex issues of law and esoteric issues of fact, entails a significant waste of judicial resources. In the class context, the "rigorous analysis" required under Rule 23 commonality "will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *Jamie S. v. Milwaukee Pub. Schs.*, 668 F.3d 481, 493 (7th Cir. 2012) (citation omitted). Further, the class motion expert reports must be synchronized with the factual merits of the claims. *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013). Accordingly, class motion proceedings must or should be scheduled **after** discovery. Thus, factual merits discovery in the Private Actions and factual merits discovery in the CFTC Action will be substantially the same and can proceed at the same time **without** any delays for the CFTC.[6] Class motion proceedings should be scheduled during and in conjunction with the expert report and discovery portions of the case, which have been extensive in commodity futures class actions.

Nonetheless, the Objectors attempt to identify differences between a private plaintiff's cause of action and the CFTC's enforcement power under the CEA as a basis for denying reassignment. (*See* Def. Opp. Br. at 8-9; *see also* CFTC Opp. Br. at 4.) To the contrary, as shown above, reassignment is warranted because Plaintiffs' CEA claims overlap with the CFTC's CEA claims and the remaining claims and separate issues share the same common facts

---

[6] *Cf.* CFTC Opp. Br. at 5 ("[T]he CFTC would be forced to await the resolution of class action discovery and the briefing and ruling on related motions before undertaking the discovery relevant to its claims."). In recent years, class certification has encompassed merits issues to such a degree that scheduling of class proceedings after merits fact discovery makes eminent sense.

9

and are extensions of the common issues. *See Velocity Patent LLC v. Mercedes-Benz USA, LLC*, No. 13 Civ. 8413, 2014 U.S. Dist. LEXIS 57602, at *4 (N.D. Ill. Apr. 24, 2014) ("the mere existence of differences between cases does not preclude substantial savings").

D. **LR 40.4(b)(4) Is Satisfied**—**The CFTC Action and Private Actions Are Susceptible to Disposition in a Single Proceeding.**

1. **LR 40.4(b) Does Not Limit the Applicable "Proceeding" to a Trial, And Instead Includes Reassigning Cases That May Be Disposed by Motion.**

The CFTC and Defendants misread and misapply the fourth requirement to reassignment under LR 40.4(b)(4). The requirement that cases for reassignment be "susceptible of disposition in a single proceeding" does not make "proceeding" synonymous with the word "trial." (*See* Def. Opp. Br. at 10.) Instead, "proceeding" refers to any mechanism capable of finally disposing of the case. The critical inquiry revolves around "whether both actions 'involve fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings, *whether in claim construction, summary judgment or trial*.'" *Pactiv Corp. v. Multisorb Techs., Inc.*, No. 10 C 461, 2011 U.S. Dist. LEXIS 15991, at *13-14 (N.D. Ill. Feb. 15, 2011) (quoting *Global Patent Holdings, LCC v. Green Bay Packers, Inc.*, No. 00 C 4623, 2008 U.S. Dist. LEXIS 33296, 2008 WL 1848142, at *4 (N.D. Ill. April 23, 2008)) (emphasis added). Any disposition mechanism that would resolve the substantive merits of the case is considered a proceeding. Thus, if the CFTC Action and the Private Actions may be resolved in a single summary judgment proceeding, for example, LR 40.4(b)(4) is satisfied. Moreover, antitrust class actions rarely go to trial. There is no reason for the Court to consider that possibility unless and until it appears these cases may be an exception.

Such is the case here. The CFTC Action and the Private Actions arise out of the same conduct, Defendants' alleged manipulation of the wheat markets and relevant futures contract prices. The CEA manipulation claims in the relevant cases are so substantially similar that if the

10

Court issues findings of fact in the CFTC Action holding that Defendants manipulated the wheat markets and wheat futures contracts, those same facts would support the claims in the Private Actions. In fact, Defendants would likely be estopped from denying that they performed the alleged misconduct and that such misconduct was intended for any other purpose than to profit from the manipulation.

### 2. The Private Actions Meet the Susceptibility Requirement Because the Resolution of a Single Issue Can Dispose of the Entire Litigation.

The CFTC and the Defendants pose a number of hypotheticals in an attempt to convince the Court that the CFTC Action and the Private Actions are too complex to resolve in a single proceeding. However, contrary to their suggestions, the susceptibility requirement is not concerned with assessing whether a court could hear the cases in a single proceeding given the worst-case scenario. Rather, LR 40.4(b)(4) concerns whether cases are "susceptible" (*i.e.*, **capable**) of being determined in a single procedure. *See Fairbanks Capital Corp. v. Jenkins*, No. 02 C 3930, 2002 U.S. Dist. LEXIS 26297, at *10-11 (N.D. Ill. Nov. 25, 2002) ("[Rule 40.4(b)] requires only a finding that the cases are 'susceptible' *(that is, capable)* of determination in a single proceeding.") (emphasis added).

More recently, courts have found they do not need to have absolute certainty that a single proceeding will ultimately be appropriate: "As to whether the cases will be susceptible to disposition in a single proceeding, the court cannot be absolutely certain that some sort of joint trial will be appropriate down the road. This Court does not have to be certain at this stage— indeed, susceptibility by definition relates to a *finding of potential or likelihood*." *Schnierson v. Retail Props. of Am.*, 2012 U.S. Dist. LEXIS 139900, at *4 (emphasis added). The Court retains its discretion as to the administration of the cases, and can ultimately revisit the issue later. *See, e.g., Fairbanks Capital Corp. v. Jenkins*, 2002 U.S. Dist. LEXIS 26297, at *10-11 (holding that

11

the consolidation of cases involving class and non-class claims was appropriate and finding "assignment of cases as related does not inexorably lead to their consolidation for all purposes").[7]

To determine whether a case is "susceptible" for treatment in a single proceeding, courts evaluate whether the pleadings and the LR 40.4 motion submissions demonstrate that the "actions involve *prima facie* fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings, whether in claim construction, summary judgment, or trial." *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, 2008 U.S. Dist. LEXIS 33296, at *12-13.[8] If the cases involve common claims and defenses and such claims predominate, the cases may be reassigned under LR 40.4. *See id.*; *see also Freeman v. Bogusiewicz*, 2004 U.S. Dist. LEXIS 15723, at *6-7 (N.D. Ill. Aug. 10, 2004) (holding that the presence of additional claims in one of the cases did not prevent cases from being disposed in a single proceeding where "the overwhelming factual and legal issues presented" in the complaints involved the core alleged misconduct); *Fairbanks Capital Corp. v. Jenkins*, 2002 U.S. Dist.

---

[7] The CFTC and Defendants incorrectly suggest that class claims are never suitable for reassignment with non-class claims. The cases cited by the CFTC and Defendants in support of their position are not binding precedent of this circuit. *See Hollinger,* 2004 U.S. Dist. LEXIS 7883; *Jaffe,* 2003 U.S. Dist. LEXIS 7466; *Williams v. Walsh Constr.*, No. 05 C 6807, 2007 U.S. Dist. LEXIS 3970 (N.D. Ill. Jan. 16, 2007); *Clark v. Insurance Car Rentals, Inc.*, 42 F. Supp. 2d 846 (N.D. Ill. 1999). Moreover, the decisions in the cases turned on the application of LR 40.4 to the facts of the case, and not on any larger legal pronouncement. *See supra* note 4 (analyzing *Hollinger* and *Jaffe*); *Clark,* 42 F. Supp. 2d at 848-49 (finding that there were unique controlling fact and issues to each case to be reassigned); *Williams,* 2007 U.S. Dist. LEXIS 3970, at *7 (holding that due to unique claims and allegations, "a finding in one case would not likely be dispositive of any issue in the other cases"). As is apparent in *Fairbanks Capital*, there are instances when it is appropriate to reassign class claims with non-class claims.

[8] Accordingly, the CFTC and Defendants' argument that claims with differing jury demands cannot be reassigned is unsupported. Similarly, their contention that the nature of the relief requested impacts whether cases may be reassigned is also a red herring. *See Peery v. Chi. Hous. Auth.*, No. 13-cv-5819, 2013 U.S. Dist. LEXIS 138589, at *6 (N.D. Ill. Sept. 26, 2013) (reassigning cases requesting different relief and jury demands).

LEXIS 26297, *9-11 (holding that claims that could not be determined without addressing the Truth-in-Lending Act ("TILA") issue raised as an affirmative defense and counterclaim in one case and as affirmative claims in the other cases). Ultimately, if the common issues will be outcome-determinative in the various cases, then the cases may be reassigned. *See Fairbanks Capital*, 2002 U.S. Dist. LEXIS 26297, *10-11.[9]

The CFTC Action and the Private Actions are amenable to a single proceeding even though the Private Actions involve class claims and there is not exact identity in the claims in each action. The core allegations involve Defendants' manipulation of the market for #2 Soft Red Winter Wheat through various practices, which had the effect of violating the CEA, contravening Commission regulations intended to protect the integrity and transparency of the market, and causing losses to investors. Both the CFTC Action and Private Actions involve, for example, allegations relating to principal-agent liability (*compare* CFTC Action ¶ 67 [Dkt. No. 1] *with* Dennis Complaint ¶¶ 105-107, Ex. A to Def. Opp. Brief [Dkt. 44-1]). Moreover, the CFTC Action alleges that Defendants profited off of their scheme and seeks disgorgement of such profits (*see* CFTC Action at 22 [Dkt. No.1]). The Private Actions seek return of those profits, which were extracted from class members, through the CEA and common law claims. While the nuances of the various claims may differ, the claims all arise from the same basic

---

[9] Defendants cite *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 2003 WL 21011757 (N.D. Ill. May 5, 2003), for the premise that *all* "'issues of *both* law and fact [must be] the same' in each case" to satisfy the LR 40.4(b)(4) standard. Def. Opp. Brief at 4 (emphasis in original). But the *Jaffe* case does not say that, and with good reason. LR 40.4(a) provides that "cases may be related if … the cases involve *some* of the same issues of fact or law." *Id.* (emphasis added). Defendants admit that the cases are related.

13

conduct, and thus are capable of being disposed in a single proceeding, fulfilling the requirement under LR 40.4(b)(4).[10]

### E. In the Alternative, IOP 13(e) May Be Used to Achieve Judicial Efficiencies Without Formally Reassigning the Actions.

In light of the parties' agreement that the CFTC Action and Private Actions are related pursuant to LR 40.4(a), if the Court denies Plaintiffs' motion for reassignment under LR 40.4, it should nevertheless act to avoid inconsistent rulings by the judges overseeing the CFTC Action and the Private Actions and minimize unnecessary duplication of judicial administration among the judges. The Executive Committee of this District may recommend coordinated pretrial and discovery proceedings when "cases . . . are related within the meaning of LR 40.4(a) but reassignment is not appropriate under LR 40.4(b)." IOP 13(e)(2).

Absent this mechanism, the likelihood that contradictory rulings may result is undoubtedly increased, as pretrial and discovery decisions will be issued by six different courts. Courts in this District regularly find that the commonality of cases and the interest of judicial efficiency justify the coordination between the cases. *See Garner v. Country Club Hills*, No. 11 C 5164, 2012 U.S. Dist. LEXIS 72080, at *7 (N.D. Ill. May 23, 2012); *Targin Sign Sys. v. Preferred Chiropractic Ctr. Ltd.*, 714 F. Supp. 2d 901, 903 (N.D. Ill. 2010); *Williams v. Peterson*, Nos. 08 C 1657, 08 C 7273, Dkt. No. 50 at 3 (N.D. Ill. Jan. 26, 2009).

---

[10] Defendants also claim that Plaintiffs failed to comply with LR 40.4(c) when Plaintiffs did not discuss the functional impact of class certification and class status on the Court's ability to reassign the Private Actions. This is wrong. As noted above, Defendants conflated the importance of the class action status on the Court's ability to reassign the Private Actions. The proper scope of review with respect to the briefing on the motion for reassignment under LR 40.4 is "the extent to which the conditions required by [LR 40.4(b)] will be met if the cases are found to be related." Local Rule 40.4(c). Plaintiffs met their burden in both their original and reply briefing.

**CONCLUSION**

This Court should enter an Order reassigning the Private Actions to be heard with the CFTC Action pursuant to LR 40.4. In the alternative, the Court should issue an order recommending coordinated pretrial and discovery proceedings pursuant to IOP 13(e).

Dated: May 14, 2015
Chicago, Illinois

By:   /s/ Marvin A. Miller
Marvin A. Miller
**MILLER LAW LLC**
115 South LaSalle St., Suite 2910
Chicago, Illinois 60603
Telephone: (312) 332-3400

**LOVELL STEWART HALEBIAN JACOBSON LLP**

Christopher Lovell
Christopher M. McGrath
Amanda N. Miller
61 Broadway, Suite 501
New York, New York 10006
(212) 608-1900
(212) 719-4677 (fax)

*Counsel for Plaintiff Harry Ploss and the Proposed Class*

By:   /s/ Eugene J. Schiltz
Eugene J. Schiltz
**THE COLEMAN LAW FIRM**
77 West Wacker Drive
Chicago, Illinois 60601
Tel.: 312-444-1000
Fax: 312-444-1028

**LOWEY DANNENBERG COHEN & HART, P.C.**

Vincent Briganti
Geoffrey M. Horn
Peter D. St. Phillip
Raymond Girnys
Christian Levis
One North Broadway
White Plains, New York 10601
Tel.: 914-997-0500
Fax: 914-997-0035

*Counsel for Plaintiff Richard Dennis and the Proposed Class*

**NUSSBAUM LAW GROUP, P.C.**

Linda P. Nussbaum
Bradley J. Demuth
570 Lexington Avenue, 19th Floor
New York, NY 10022
Telephone: (212) 702-7053
Fax: (212) 681-0300

*Counsel for Plaintiff Henrik Christensen and the Proposed Class*

## CERTIFICATE OF SERVICE

       I hereby certify that on this day, May 14, 2015, I electronically filed and also thereby served the foregoing Plaintiff's Reply Memorandum in Support of Motion for a Finding of Relatedness using the CM/ECF system.


Dated:       May 14, 2015


                                           /s/   Christopher Lovell