**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 15 C 2881 |
| | ) | Honorable John Robert Blakey |
| v. | ) ) | |
| KRAFT FOODS GROUP, INC. and MONDELĒZ GLOBAL LLC | ) ) ) | |
| Defendants. | ) ) | |

**MOTION TO COMPEL RESPONSES TO DEFENDANTS'
<u>FIRST SET OF INTERROGATORIES</u>**

Kraft is filing this motion because the CFTC refuses to provide in response to certain interrogatories the basic facts underlying specific allegations in the CFTC's Complaint that it will likely use as evidence to support its manipulation claims on summary judgment or at trial and that the Court relied on in ruling on Kraft's motion to dismiss. The facts Kraft seeks are critical to the CFTC's allegations that Kraft (1) deceived other market participants into believing it would take delivery, load out, and store the wheat underlying its long December 2011 wheat futures position, and (2) did not have a bona fide need for the wheat underlying its futures position. In refusing to respond to Kraft's interrogatories, the CFTC does not contend that the information Kraft seeks is irrelevant or not in its possession, nor has it agreed to forego presenting facts and witnesses on these topics. Rather, the CFTC's position is that it is too burdensome to provide Kraft with the information it seeks now—while discovery is open—and that it will provide the information sometime at or near the close of discovery. The CFTC's approach is inconsistent with the federal rules and is fundamentally unfair because it substantially hampers Kraft's ability to prepare its

defense. Accordingly, Kraft seeks an order compelling the CFTC to respond to Kraft's interrogatories as identified in this motion with information currently in the CFTC's possession.

## RELEVANT FACTS

**I.     The CFTC's Manipulation Claims and Allegations**

Central to the CFTC's manipulation claims are its allegations that Kraft engaged in conduct that deceived wheat sellers into thinking it intended to satisfy its demand for SRW wheat through the CBOT wheat futures market, instead of buying wheat in the cash market. (*See* Compl. ¶¶ 25-26, 34, 39.)  As described by the CFTC in its opposition to Kraft's motion to dismiss:

> The Complaint alleges that Kraft intentionally acquired an enormous long position in December 2011 CBOT wheat and held that position into the delivery period . . . with the intent that this enormous position would communicate false information about the strength of the demand for CBOT wheat to other market participants. In particular, Kraft sought to induce market participants into believing that the holder of those futures contracts would in fact take delivery, load out, and use that wheat . . . .

(CFTC Opp., Dkt. No. 64 at 17-18)

The CFTC further alleges in its Complaint, and argued in its opposition to Kraft's motion to dismiss, that:

- "Kraft intended that participants in the cash and futures market would react" to its long wheat futures position "by driving up futures prices and driving down cash prices available to Kraft," and "[t]hat is exactly what happened" (CFTC Opp., Dkt No. 64 at 18; Compl. ¶ 29);

- "Kraft did not have a *bona fide* commercial need" for the wheat underlying its long futures position (Compl. ¶ 32; CFTC Opp. at 5); and

This Court relied on these allegations when it ruled on Kraft's motion to dismiss the CFTC's manipulation claims. (*See, e.g.*, Mem. Op. & Order ("Order"), Dkt. No. 87 at 25-28.)[1]

## II.     Kraft's First Set of Interrogatories and the CFTC's Response

As part of preparing its defense to the CFTC's claims, on September 8, 2016, Kraft served its First Set of Interrogatories. (Ex. 1, hereinafter "Interrogatories".) Kraft's Interrogatories seek (among other things) the identification of witnesses, dates, and the other basic facts referenced in the CFTC's Complaint and which form the "evidentiary support" for its allegations. *See* Fed. R. Civ. P. 11(b)(3).

To investigate the CFTC's allegations that Kraft deceived other wheat market participants into thinking it would take delivery, load out, and store futures wheat, Kraft served Interrogatories 9, 11, and 19-20.

- Interrogatory 9 asks the CFTC to ". . . identify each person or entity that participated in the Wheat market who believed that Kraft would take delivery, load out and store the wheat underlying its December 2011 wheat futures position . . . .";

- Interrogatory 11 asks the CFTC to identify persons or entities who expected Kraft to purchase a similar quantity of wheat in the cash market, when those persons or entities held that expectation, and why;

- Interrogatory 19 asks the CFTC to ". . . identify each person or entity who was manipulated or deceived [by Kraft], how that person or entity was manipulated or deceived, and during what time period . . . ."; and

- Interrogatory 20 asks the CFTC to identify "each person or entity" that the CFTC alleges Kraft "manipulated or that Kraft attempted to manipulate."

---

[1] As required when ruling on Kraft's motion to dismiss, the Court construed the Complaint in the light most favorable to the CFTC, accepted the CFTC's well-pled factual allegations as true, and drew all reasonable inferences in the CFTC's favor. (*See* Order at 10.)

To investigate the CFTC's allegations that Kraft did not have a bona fide need for the wheat underlying its futures position because Kraft did not purchase a sufficient quantity of wheat in the cash market after closing its futures positions, Kraft served Interrogatories 15-16.

- Interrogatory 15 asks the CFTC to state the time frame during which a commercial hedger of wheat is required or expected to purchase wheat in the cash market after closing a long futures position, and to identify the source or basis of that time frame (which includes any witness from whom the CFTC intends to offer evidence on the topic).

- Interrogatory 16 asks for the same information as Interrogatory 15, but for a commercial hedger closing a short wheat futures positions, which is relevant to Kraft's short position in CBOT March 2012 wheat futures as alleged by the CFTC (*see* Compl. ¶¶ 34, 36).

The CFTC served its Response to Kraft's First Set of Interrogatories on November 8, 2016 (Ex. 2, hereinafter "Response"), in which it partially answered Kraft's Interrogatories. However, the CFTC's Response did not provide the basic facts called for by the above-identified Interrogatories, nor did the CFTC state in its Response that it did not have responsive facts in its possession at this time and/or did not intend to present such facts to support its claims.

Counsel for the parties met and conferred via telephone about Kraft's Interrogatories and the CFTC's Response on February 2, 2017 and May 3, 2017,[2] and exchanged letters addressing their respective positions on February 23, 2017, March 6, 2017, April 14, 2017, and April 18, 2017. In those discussions, the CFTC did not object to the relevance of Kraft's interrogatories, nor did the CFTC assert that it did not have responsive information in its possession. Rather, the CFTC took the position that providing Kraft with responsive information in its possession now—prior to

---

[2] In the meet and confer telephone call on February 2, 2017, Kraft was primarily represented by Greg Kaufman (Eversheds Sutherland), J. Kevin McCall (Jenner & Block LLP) and Nicole Allen (Jenner & Block LLP), and the CFTC was primarily represented by Michael Frisch, Robert Howell, and Susan Gradman. In the meet and confer telephone call on May 3, 2017, Kraft was represented by Nicole Allen and Thomas Quinn (Jenner & Block LLP), and the CFTC was represented by Michael Frisch and Susan Gradman.

the end of discovery—would be premature and unduly burdensome because the CFTC might learn new or additional information through discovery that would require it to supplement its Responses. Accordingly, the CFTC stated it would provide Kraft with the information at the close of discovery.

Kraft's counsel objected to this approach and explained that withholding the basic facts underlying crucial allegations in the CFTC's Complaint—including the identification of fact witnesses known to the CFTC and upon whom it may rely to support its claims—prevented Kraft from taking appropriately focused discovery to prepare its defense. Nevertheless, the CFTC confirmed in an email dated May 4 that it is standing on its objections and will not provide additional information to Kraft until the end of discovery. Kraft is thus filing this opposed motion.

## ARGUMENT

The Court should compel the CFTC to promptly answer Kraft's Interrogatories 9, 11, 15-16, and 19-20, by identifying the basic facts and witnesses of which the CFTC is currently aware and may use to support its claims. Kraft is entitled to this information without delay so that it can engage in meaningful and focused discovery to prepare its defense. For example, Kraft needs the opportunity to depose the particular parties the CFTC claims were deceived by Kraft, which parties the CFTC must have identified prior to filing its Complaint in order to make its good faith allegations (*see* Fed. R. Civ. P. 11(b)(3)), and whom the CFTC presumably identified during its investigation of Kraft that began in October 2012. This information goes to the heart of the CFTC's manipulation claims, and allowing the CFTC to withhold this information until the end of discovery so that Kraft is unable to depose witnesses and investigate the facts would be fundamentally unfair and frustrate the very purpose of discovery. This is particularly true because

Kraft is seeking discovery of facts the Court identified as critical to the viability of the CFTC's manipulation claims in its motion to dismiss ruling.

## I. The CFTC Should Identify the Persons or Entities it Claims Were Deceived or Manipulated By Kraft's Conduct, or State that it is Not Currently Aware of any Particular Persons or Entities.

Kraft's Interrogatories 9, 11, and 19-20 ask the CFTC to identify the persons or entities of whom the CFTC is currently aware that it claims (1) participated in the wheat market and were deceived into believing that Kraft would take delivery, load out, and store the wheat underlying its December 2011 wheat futures position (Interrogatory 9); (2) expected Kraft to purchase a similar quantity of wheat in the cash market after it closed its futures position, during what time period, and why (Interrogatory 11); and (3) were manipulated or deceived by Kraft, or that Kraft attempted to manipulate or deceive, during what time period, and how the supposed manipulation or deceit occurred (Interrogatories 19-20).

The CFTC's Response ignores these fundamental questions. Indeed, the CFTC provides no substantive information in response to Interrogatories 11, 19, and 20. (*See* Ex. 2 at 15-16, 23-24.) In response to Interrogatory 9, the CFTC states, in relevant part, that "*all* market participants who traded in the December Wheat Futures or who participated in the Toledo cash wheat market during the relevant time period transacted under the assumption and belief that other market participants adhere to the requirements of the Commodity Exchange Act . . ." (*Id.* at 14 (emphasis in original).) This is not responsive to the question of who expected Kraft to take delivery, load out, and store the wheat underlying its futures position, and it does not allow Kraft to take discovery from the particular persons or entities of whom the CFTC is aware and may rely on to support its claims on summary judgment or at trial.

When Kraft raised this concern in the parties' May 3 meet and confer, the CFTC stated that nothing prevents Kraft from pursuing discovery from all wheat futures and Toledo cash market

participants and that the CFTC is not required to identify its witnesses to Kraft prior to trial. This position is untenable. As an initial matter, Kraft does not know, and cannot feasibly determine, the identity of all persons and entities who participated in the wheat futures and Toledo cash markets from 2011 to mid-2012. The CFTC as a federal regulator is in possession of, or presumably has access to, this information, not Kraft. Nor is Kraft required to blindly pursue discovery from the wheat market participants it can identify in the hopes of stumbling upon the persons or entities the CFTC is referring to in its Complaint and may rely on to support its claims. Rather, Kraft is entitled to discover these basic facts from the CFTC now, when Kraft has a meaningful opportunity to investigate and test those facts in discovery (*see* Fed. R. Civ. P. 26(b)(1)), and Kraft is permitted to do so through the use of interrogatories, which the CFTC is obligated to fully and accurately answer under oath (*see* Fed. R. Civ. P. 33(b)).

Nor can the CFTC withhold responsive facts from Kraft on the basis that Interrogatories 9, 11, and 19-20 are contention interrogatories as asserted by the CFTC in its Response. *First,* Interrogatories 9, 11 and 19-20 are not contention interrogatories because they do not ask the CFTC to provide its legal theories or "opinions or contentions that call for the application of law to fact." *See* Fed. R. Civ. P. 33, Advisory Committee (1970). Rather, Kraft's Interrogatories seek the identification of witnesses, dates, and other facts referenced in the CFTC's Complaint and on which it relied to support its claims.

*Second*, even if Interrogatories 9, 11, and 19-20 are properly characterized as contention interrogatories—they are not—courts in this district routinely require parties to answer such interrogatories before the end of discovery when doing so will narrow the issues and help avoid wasted investigation into facts and witnesses who ultimately may not be relevant. *See, e.g.*, *Edward Lowe Indus., Inc. v. Oil-Dri Corp. of Am.*, No. 94 C. 7568, 1995 WL 399712, at *3 (N.D. Ill. July 7, 1995) (Conlon, J.). This is particularly true when the interrogatories at issue seek: (1) the facts

7

underlying a party's allegations in a complaint or answer, *e.g.*, *Rusty Jones, Inc. v. Beatrice Co.*, No. 89 C 7381, 1990 WL 139145, at *1-2 (N.D. Ill. Sept. 14, 1990) (Williams, J.); *Clark Equip. Co. v. Lift Parts Mfg. Co.*, No. 82 C 4585, 1985 WL 2917, at *7-8 (N.D. Ill. Oct. 1, 1985) (Holderman, J.); and/or (2) "the identities of persons who have information" about a party's claims and "the substance of the information [those persons] possess," *e.g.*, *E.E.O.C. v. Jewel Food Stores, Inc.*, 231 F.R.D. 343, 346 (N.D. Ill. 2005) (Schenkier, M.J.).

In the related putative class case against Kraft, Judge Chang entered a minute order indicating a willingness to require the plaintiffs to answer so-called "contention interrogatories" early in discovery. *See Ploss v. Kraft Foods Group, Inc.*, No. 15 C 02937, Dkt. No. 141 (N.D. Ill.). Judge Chang entered the order one day after Kraft filed a motion to compel, which resulted in the plaintiffs agreeing to provide Kraft with the responsive information currently in their possession without the need for a status hearing or any additional court involvement. *See id.*

This Court should similarly reject any argument by the CFTC that it can withhold facts until the end of discovery because Kraft has served "contention interrogatories," and should order the CFTC to provide Kraft with the facts and names of persons or entities currently known to it in response to the above Interrogatories.

## II.    The CFTC Should Identify the Time Frame During Which a Commercial Hedger is Required to Purchase or Sell Wheat in the Cash Market After Closing a Futures Position in Order to Qualify as Having a Bona Fide Need for Wheat.

Kraft's Interrogatories 15-16 ask the CFTC to state the time frames during which a commercial hedger of wheat—like Kraft—is required or expected to purchase or sell wheat in the cash market after closing out of a long or short futures position, and to identify the source of that information. These Interrogatories directly relate to the CFTC's allegations that "Kraft did not have a *bona fide* commercial need" for the wheat underlying its futures positions (Compl. ¶ 32; CFTC Opp. at 5), which the CFTC alleges is demonstrated by the fact that "Kraft did not purchase

a similar quantity of wheat in the cash market, which would be expected if it had really needed the wheat for its operations" (Compl. ¶ 39; CFTC Opp. at 7). The CFTC objected to these Interrogatories in its Response, provided no time frame during which it contends Kraft should have purchased or sold wheat in the cash market to have a bona fide need, and identified no witnesses or other sources of information it may use to support its allegations. (Ex. 2 at 20-21.) The CFTC cited Regulation 1.3(z) in its Response (17 C.F.R. § 1.3(z)), but that regulation does not provide any specific time frame to support the CFTC's allegations. Further, the CFTC has stated in meet and confer correspondence that it expects to offer evidence related to bona fide hedging from CFTC personal and third party witnesses, but it will not identify those specific witnesses by name.[3] The Court should reject this tactic and order the CFTC to identify the time frames called for in Interrogatories 15-16, as well as the witnesses or other sources of information the CFTC may use to support its allegations.

## CONCLUSION

For the foregoing reasons, the Court should issue an order compelling the CFTC to answer Interrogatories 9, 11, 15-16, and 19-20 to Kraft's First Set of Interrogatories, based on the information currently in the CFTC's possession, custody, or control, within 15 days of the Court's order.

Dated: May 8, 2017

                                       Respectfully Submitted,

                                       KRAFT FOODS GROUP, INC.
                                       MONDELĒZ GLOBAL LLC

                                       By:     */s/ Dean N. Panos*

---

[3] Kraft's request in Interrogatories 15-16 for the CFTC to identify the "source or basis of any time frame" it identifies includes the identification of fact witnesses the CFTC may use to support its position. Alternatively, the identification of such witnesses is required by Interrogatories 2, 4, and/or 21, and Fed. R. Civ. P. 26(a).

_____
                One of their attorneys

Dean N. Panos
J. Kevin McCall
Nicole A. Allen
Thomas E. Quinn
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

*Attorneys for Defendants Kraft Foods Group, Inc. &
Mondelēz Global LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Nicole A. Allen, an attorney, certify that on May 8, 2017, I served the foregoing **Notice**
and **Motion to Compel Responses to Defendants' First Set of Interrogatories** on counsel of
record via the Court's ECF system.


*/s/ Nicole A. Allen*
Nicole A. Allen