IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> KRAFT FOODS GROUP, INC. and MONDELĒZ GLOBAL LLC, <br><br> Defendants, | Civil Action No: 15-2881 <br><br> Hon. John Robert Blakey |

**RESPONSE TO DEFENDANTS' MOTION FOR
CONTEMPT, SANCTIONS, AND OTHER RELIEF**

On August 14, 2019, this Court entered a Consent Order ("Order"), signed by representatives of the parties, Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") and Defendants Kraft Foods Group, Inc. and Mondelēz Global LLC (collectively, "Defendants" or "Kraft"), to effect settlement of this case. ECF No. 310. Under the Order, each "party" is limited in what it can state publicly:

> Neither party shall make any public statement about this case other than to refer to the terms of this settlement agreement or public documents filed in this case, except any party may take any lawful position in any legal proceeding, testimony or by court order.

*Id*. at paragraph 8. The "parties" to this case are the Defendants and the CFTC. Under the CFTC's organic statute, the Commodity Exchange Act, the CFTC and its individual commissioners are legally distinct, 7 U.S.C. § 2(a)(10)(C), and the Commission is *prohibited* from restricting any individual Commissioner from publishing any dissenting, concurring, or

1

other separate opinion in connection with an official publication by the Commission:

> Whenever the Commission issues for official publication any opinion, release, rule, order, interpretation, or other determination on a matter, *the Commission shall provide that any* dissenting, concurring, or separate *opinion by any Commissioner on the matter be published* in full along with the Commission opinion, release, rule, order, interpretation, or determination.

7 U.S.C. § 2(a)(10)(C) (emphases added).

Thus, when the Commission agreed to the settlement, it did not and could not agree to restrict Commissioners Rostin Behnam and Dan M. Berkovitz from issuing "in full" "any" separate opinion they chose, and the Order does not say otherwise. Rather, it restricts only a "party," referring to the agency as a legal entity. Defendants were represented by able counsel throughout these proceedings, and the terms of the Order were fairly negotiated. Defendants might have pushed for more concessions, but having failed to do so, they may not return to Court to cry foul for a supposed violation of what they incorrectly believed to be implicit in the agreed text of the Order.

Defendants' claims regarding the content of the documents the Commission did issue are equally without merit. The language Defendants complain about largely either summarizes information contained in public record documents in this case or asserts the Commission's general commitment to vigorously enforcing the Commodity Exchange Act in the public interest. Defendants' motion misleadingly characterizes and embellishes this content, which they would have no need to do if there were a violation.[1] None of the cited statements violate the Order.

---

[1] The documents speak for themselves, so the Commission does not here detail every misleading characterization by the Defendants. To illustrate, however, Defendants assert that the CFTC's Chairman "claimed that the settlement remedied conduct that inflicted 'real pain on farmers by denying them the fair value of their hard work and crops,' and 'hurt[] American families by raising the costs of putting food on the table.'" ECF No. 315 at 3. That is not true. The Chairman's actual statement is a general observation about market manipulation, in a broader statement about the CFTC's enforcement program and priorities. ECF No. 316-1. As another example, Defendants imply that the discussion of the authority of individual commissioners to make separate statements regarding the Order in statements by the Commission and by Commissioners Behnam and Berkovitz reflects a "strategy" by "the CFTC's lawyers" to "violate" the Order which is simply not true. Defendants' motion is full of this sort of

## BACKGROUND

Consistent with CFTC practice, the Order was approved by a majority vote of the five CFTC commissioners appointed by the President and approved by the Senate pursuant to 7 U.S.C. § 2(a)(2)(A). The Order did not include findings of fact or conclusions of law regarding the Defendants' conduct, although it alluded to the CFTC's complaint, which alleged violations of a number of provisions of the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.* Among other things, the parties agreed to the public statement provision, quoted above and included in the Order as paragraph 8.

Following the entry of the Order, the CFTC published three documents relating to the Order:

1. A press release. ECF No. 316-1.

2. A statement by the Commission as a body. ECF No. 316-2. This statement said, among other things, that the Order brings the *CFTC v. Kraft* matter to a successful resolution and that the $16 million civil monetary penalty included in the order was nearly three times the unlawful profit alleged by the Commission. This statement further said that the Commission understood paragraph 8 of the Order to bind the Commission, as a party to the agreement, but not individual commissioners when speaking in their personal capacities. The statement made clear, however, that paragraph 8 was binding on Commission staff acting or speaking for the CFTC.

3. A statement in the name of two individual CFTC commissioners, Rostin Behnam and Dan M. Berkovitz. ECF No. 316-3. This statement was largely devoted to general legal and policy considerations regarding the settlement of government enforcement cases, the implications of settlements that do not include explicit findings, and the need for CFTC commissioners to be able to publicly express their views on public matters. It also included an

mischaracterization, and the CFTC therefore refers the Court to the documents.

explanation of why these commissioners voted for the Order, including their belief that one of the Defendants manipulated the market and that the relief obtained was as much as could be expected if the Commission prevailed at trial. Among other points, the statement said that, as a matter of law under the language of 7 U.S.C. § 13a-1, entry of a consent order imposing a civil monetary penalty demonstrates that the Commission has provided evidence of a legal violation.

In their Motion for Contempt, Sanctions, and Other Relief, ECF No. 315 ("Motion"), the Defendants assert that various statements in the Commission press release and statement and the statement of Commissioners Behnam and Berkovitz violated paragraph 8 of the Order.

## ARGUMENT

### I. The Order Did Not Bar Commissioners Behnam and Berkovitz's Statement

Paragraph 8 of the Order limits public statements about the case by a "party." The Order identifies the Plaintiff party as the "Commodity Futures Trading Commission (the 'Commission' or 'CFTC')." The Commission as an entity therefore is bound by paragraph 8. Ordinary CFTC employees, as agents of the Commission, are similarly bound. But *only* the parties are bound by paragraph 8. *Compare* Sec. IV, Para. 10 (also binding "any person who receives actual notice of this Consent Order insofar as he or she is acting in active concert or participation with Defendants"). The plain language of paragraph 8 thus does not bind CFTC commissioners acting in their official, but individual, capacities. The meaning of this language is particularly apparent when the provision is construed against the background of the Commodity Exchange Act, which, as described above, explicitly distinguishes between the Commission as an entity and individual CFTC commissioners for purposes of public statements regarding Commission actions. 7 U.S.C. § 2(a)(10)(C). Defendants could have pressed for additional or different language, but did not.

Moreover, even if Defendants had sought different language in paragraph 8, the CFTC

could not have agreed to what Defendants now seek, because, as Commissioners Behnam and Berkovitz pointed out, the statute requires that any "dissenting, concurring, or separate" opinion by a Commissioner be published "along with" the official action of "the Commission." *Id.* Their statement was thus clearly protected by law. For the same reason, the restrictions on commissioner statements that Defendants request as relief in their Motion are precluded by the statute.

The legislative history of Section 2(a)(10)(C) confirms that understanding. Congress added the provision specifically to remedy the possibility that the Commission, as an entity, might take action without making available to the public the separate views of individual commissioners, thereby cutting off information and debate on matters of important public policy. 137 Cong. Rec. S4599-01, 1991 WL 60789 at **7 (April 17, 1991) (describing one such instance). Congress therefore added Section 2(a)(10)(C) to "compel[] the disclosure of the viewpoints of all of the Commissioners on a given matter, whether they are in the majority or in the minority." *Id.* (Statement of Sen. Lugar).

Moreover, there is nothing surprising or novel about the proposition that individual members of a federal commission are distinct from the commission as an entity, and that the expressed views of a commissioner are distinct from the views of a commission, which have an official status that the former lacks. *See Sterling Drug, Inc. v. Fed. Trade Commission*, 450 F.2d 698, 707 (D.C. Cir. 1971) (distinguishing between memorandum prepared by individual commissioner and memorandum of commission for purposes of Freedom of Information Act); *SEC v. Nat'l Student Marketing Corp.*, 68 F.R.D. 157, 160 (D.D.C. 1975), *aff'd*, 538 F.2d 404 (D.C. Cir. 1976) (memoranda of individual commissioners "cannot be considered as an official expression of the will and the intent of" commission).

In an effort to obscure the significance of a directly relevant statute, Defendants improperly rely on descriptions of settlement negotiations regarding paragraph 8. ECF No. 315 at 2-3, 7. These descriptions are unsupported by evidence, and they are inaccurate. More importantly, they cannot gainsay the fact that section 2(a)(10)(C) has long been part of the Commodity Exchange Act. Defendants even complain that the CFTC's lawyers never explained that provision to them, ECF No. 315 at 3, but that was the job of the Defendants' own lawyers— experienced counsel, presumptively familiar with that Act. The resulting Order must therefore be construed and applied consistently with this statutory provision, even if Defendants overlooked it.

## II. The Public Statements at Issue Do Not Violate the Order

Defendants' claimed examples of statements that violate the Order, *see* ECF No. 315 at 7-8, fall into several categories, none of which violate paragraph 8. Some statements describe or summarize the content of public record documents from the litigation, including the Order and the CFTC's Complaint, ECF No. 1. For example, the Motion refers to statements in the press release and Commission statement to the effect that the $16 million penalty is about three times the Defendants' "alleged gain." ECF No. 315 at 7. But this assertion follows directly from the $16 million penalty figure set forth in the Order and the CFTC allegation of a $5.4 million gain in paragraph 25 of the Complaint. Similarly, Commissioners Behnam and Berkovitz's statements that court approval of a CFTC consent order for penalties implies the existence of evidence of a violation, *see* ECF No. 315 at 7, do not refer to any non-public information but are sourced to the language of a Commodity Exchange Act provision, 7 U.S.C. § 13a-1, which is cited as the authority for the grant of relief by the district court in the Complaint and also is referenced in the Order. *See* ECF No. 316-3 at 2 n.13; ECF No. 1 at 21; ECF No. 310 at 2. Other statements referenced by Defendants describe the Order in broad terms that assert a

6

general commitment by the CFTC to enforce anti-manipulation or other provisions of the Commodity Exchange Act, but do not state facts or opinions beyond those apparent from the public record of the litigation. *E.g.*, ECF No. 315 at 7 (statement that Order "advances our mission of fostering open, transparent, and competitive markets"). As noted above, some statements by Commissioners Behnam and Berkovitz explain more specifically why they voted for the Order, but these statements are outside of paragraph 8 pursuant to the language of the provision and pursuant to 7 U.S.C. § 2(a)(10)(C).

### III. Even if Some Statements by the Commission or Individual Commissioners Violated Paragraph 8 of the Order, Defendants Are Not Entitled to Contempt Relief

Even if some statements by the Commission or individual commissioners were found to have exceeded the limitation on public statements in paragraph 8 of the Order, Defendants are still not entitled to the contempt relief they seek. This is so for a number of reasons.

First, most of Defendants' claimed violations of the Order relate to statements by Commissioners Behnam and Berkovitz. As explained above, these statements were specifically authorized by law in the form of 7 U.S.C. § 2(a)(10)(C).

Second, a contempt finding is inappropriate if a violation of an order is based on a good faith and reasonable interpretation of the order. *E.g.*, *TrafficSchool.com v. Edriver Inc.*, 653 F.3d 820, 834 (9th Cir. 2011); *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 292 (2d Cir. 2008); *Tek v. Klerk's Plastic Indus., B.V.*, Civil No. 00-583 (S.D. Ill. March 31, 2005), 2005 WL 8169402 at *24, *aff'd sub nom. Prima Tek II v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533 (7th Cir. 2008). In this case, in light of the language of paragraph 8 and of 7 U.S.C. § 2(a)(10)(C), these commissioners could reasonably conclude that their separate statement was outside the scope of that paragraph, an understanding they explicitly and candidly set forth in the statement itself. This understanding was particularly reasonable since it was consistent with the Commission's

(*i.e.*, the Commission as a body's) stated interpretation of paragraph 8. *See* ECF No. 316-2.

Third, the relief sought by Defendants is largely, if not entirely, compensatory. *See* ECF No. 315 at 11-12. Compensatory contempt relief against the government is restricted by principles of sovereign immunity. *United States v. Droganes*, 893 F. Supp. 2d 855, 880-84 (E.D. Ky. 2013), *aff'd*, 728 F.3d 580 (6th Cir. 2013) ("The Court cannot consider its inherent powers alone to be sufficient to overcome the sovereign immunity protecting the United States from claims for monetary contempt sanctions or litigations expenses" citing *Tippett v. United States*, 98 Fed. Cl.171, 181 (Fed.Cl.2011)). In any event, compensatory contempt relief must be based on "evidence of actual loss." *United States v. Dowell*, 257 F.3d 694, 700 (7th Cir. 2001). Defendants have not provided the Court with such evidence. Defendants attempt to show damage to their reputation by quoting news coverage of the Order and the Commission's and individual commissioners' statements concerning the order. ECF No. 315 at 10. However, given the fact that this was a major manipulation case against a well-known company, and that Defendants agreed to a $16 million penalty, there would have been extensive press coverage regardless of the details of any CFTC statements about the case. Moreover, Defendants have not demonstrated any effect on their reputation beyond that which would be expected from the bare fact of having been sued for manipulation and other violations of the Commodity Exchange Act and having settled for a substantial penalty.

Defendants' proposed interpretation of paragraph 8 and associated claim of contempt would raise a variety of concerns, which neither party, nor the Court, appeared to contemplate, much less to resolve, in the Order. Paragraph 8 should be read to mean what it says—that it applies only to the "parties" to this litigation.

**CONCLUSION**

Defendant's Motion should be denied.

Date: August 17, 2019

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF U.S. COMMODITY FUTURES TRADING COMMISSION

Daniel J. Davis
  *General Counsel*
Robert A. Schwartz
 *Deputy General Counsel*
Martin B. White
 *Assistant General Counsel*

 /s/ Martin B. White
Commodity Futures Trading Commission
3 Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
(202) 418-5129
mwhite@cftc.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on August 17, 2019 I served the foregoing document on counsel of record via the Court's ecf system.

           /s/ Martin B. White
           Martin B. White
           Commodity Futures Trading Commmission