IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> KRAFT FOODS GROUP, INC. and MONDELĒZ GLOBAL LLC, <br><br> Defendants, | Civil Action No: 15-2881 <br><br> Hon. John Robert Blakey |

**SUGGESTION OF MOOTNESS**

Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission") respectfully suggests that in light of the Court's October 23, 2019 Order (ECF No. 355) vacating the October 15, 2019 Consent Order (ECF No. 310), Defendants' motion to hold the CFTC in contempt for violating that order ("Contempt Motion") is now moot.

"Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes; to coerce [a party] into compliance with the court's order" or "to compensate the complainant for losses sustained." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947). When the underlying order is no longer in effect, the "court cannot impose a coercive civil contempt sanction." *Klett v. Pim*, 965 F.2d 587, 590 (8th Cir. 1992); *accord Hallett v. Morgan*, 296 F.3d 732, 737 (9th Cir. 2002); *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 593 (6th Cir. 1999); *Coleman v. Espy*, 986 F.2d 1184, 1190 (8th Cir. 1993).

Compensatory sanctions ordinarily remain available, but not against the CFTC, an agency of the federal government protected by sovereign immunity. The federal government is immune from liability except where Congress "unequivocally" waives sovereign immunity "in statutory text." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33, 37 (1992). Congress has not waived immunity from monetary contempt sanctions. *See United States v. Droganes*, 728 F.3d 580, 589 (6th Cir. 2013) (holding that "18 U.S.C. § 401, the statute conferring broad contempt power upon district courts" is not "sufficiently clear and unequivocal" to waive sovereign immunity from compensatory sanctions); *Yancheng Baolong Biochemical Prod. Co. v. United States*, 406 F.3d 1377, 1382 (Fed. Cir. 2005) (holding that plaintiff "[could ]not recover damages" for contempt "because the government has not waived its sovereign immunity"); *Coleman*, 986 F.2d at 1192 (finding "no authority" to support "a waiver of federal sovereign immunity for civil compensatory contempt actions"); *Barry v. Bowen*, 884 F.2d 442, 444 (9th Cir. 1989) (expressing "doubts about the power of the district court to impose monetary [contempt] sanctions" against the government); *cf. Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1542–43 (11th Cir. 1996) ("Congress expressly declined to waive sovereign immunity for punitive damages."); *United States v. Horn*, 29 F.3d 754, 767 (1st Cir. 1994) (absent express waiver "sovereign immunity saves the federal government harmless from all court-imposed monetary assessments, regardless of their timing and purpose."). Accordingly, the Commission cannot be liable for compensatory sanctions.[*]

---

[*] Kraft cites *Nelson v. Steiner*, 279 F.2d 944, 948 (7th Cir. 1960), incorrectly as "[c]ontrolling Seventh Circuit authority [that] makes clear that sovereign immunity does not bar the Court from ordering contemnors to pay Defendants' attorney's fees," but *Nelson* did not consider that issue or even mention sovereign immunity. While the decision states that the district court awarded fees, that award was unchallenged. *Id.* "[J]udicial allusions to … issues that are not contested are not holdings." *United States v. Daniels*, 902 F.2d 1238, 1241 (7th Cir. 1990). Kraft cites a handful of other cases, but none of them address whether sovereign immunity precludes a fee

Separately, a party has no right to civil sanctions for contempt of an order that was erroneously issued. *United Mine Workers of Am.*, 330 U.S. at 295 ("The right to remedial relief falls with an injunction which events prove was erroneously issued."). The CFTC does not believe that is the case with respect to Paragraph 8 of the Consent Order, but it is possible that the Court may be interpreting the Seventh Circuit's decision to hold that it was. (ECF No. 355 (referring to "the Seventh Circuit's ruling that portions of the confidentiality provision contained in the parties' Consent Order … are 'ineffectual'").)

In either event, there is "no remedy to grant," and the Contempt Motion is therefore moot. *Bd. of Educ. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L.*, 89 F.3d 464, 467 (7th Cir. 1996); *see also Franzoni v. Hartmax Corp.*, 300 F.3d 767, 774 (7th Cir. 2002) (dismissing as moot claim that, following intervening event, "lack[ed] any appropriate remedy").

Date: November 8, 2019               Respectfully submitted,

/s/Daniel J. Davis
Daniel J. Davis
  *General Counsel*
Robert A. Schwartz
  *Deputy General Counsel*
Martin B. White
  *Assistant General Counsel*
Alex T. Case
  *Assistant General Counsel*
Raagnee Beri
  *Assistant General Counsel*

U.S. Commodity Futures Trading Commission
3 Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
(202) 418-5649

---

award against the federal government to sanction civil contempt. They are therefore irrelevant. *See Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983) ("Except to the extent it has waived its immunity, the Government is immune from claims for attorney's fees.").

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2019, I served the foregoing on counsel of record via the Court's ECF system.

/s/Daniel J. Davis