**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **U.S. COMMODITY FUTURES TRADING COMMISSION,** <br><br> Plaintiff, <br><br> v. <br><br> **KRAFT FOODS GROUP, INC. and MONDELĒZ GLOBAL LLC,** <br><br> Defendants, | **Civil Action No: 15-2881** <br><br> **Hon. John Robert Blakey** |

**REPLY IN SUPPORT OF THE CFTC'S
SUGGESTION OF MOOTNESS**

The Suggestion of Mootness presents two clean legal issues: (1) can the Court issue coercive sanctions to force the CFTC to comply with the vacated Consent Order; and (2) has Congress waived sovereign immunity to permit claims for attorney's fees on a motion for contempt against the federal government? The answer to both questions is no, and Kraft does not claim otherwise. Instead, Kraft returns to the same false conspiracy story about the non-party Commissioners' concurring statement that the Seventh Circuit rejected as irrelevant and eliminated from the case. Still Kraft demands that the CFTC be punished for it, including by absolving Kraft of most liability for its fraudulent scheme to manipulate wheat contracts on the Chicago Board of Trade.[1] Kraft surely is not oblivious to the fact that it lost—it simply has nothing of merit to say about the questions presented. As if to confirm that, Kraft urges that even

---

[1] Kraft states that "[t]he CFTC has not submitted an affidavit or anything else to rebut these facts" (Dkt. No. 360, at 5 n.1), but that is because the Seventh Circuit ruled against Kraft, and not because their story about "misconduct in the course of negotiating and submitting the Consent Order to the Court" is true. It is not true, and Kraft should not have told it in the first place, let alone continue to rely on it now.

if no relief can be granted, the Court should issue an opinion anyway to "shame" the Commission. Aside from the fact that the CFTC has done Kraft no wrong, that is not what federal courts do. The Court should deny Kraft's motion as moot.

### I. Coercive Remedies Are Unavailable.

There is no dispute that a court cannot coerce compliance with an order that has been vacated. *See Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 630 (9th Cir. 2016); *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 593, 596 (6th Cir. 1999); *Coleman v. Espy*, 986 F.2d 1184, 1190 (8th Cir. 1993). Kraft cites a number of cases in which courts have imposed coercive remedies for contempt, but none of them involved an order no longer in effect. There is accordingly no live controversy with respect to coercive sanctions.

### II. The CFTC Is Immune from Kraft's Demand for Attorney's Fees.

Kraft concedes that "monetary sanctions" require "a sovereign immunity waiver." (Dkt. No. 360, at 9.) This bedrock principle derives from the Constitution itself. *Alexander v. F.B.I.*, 541 F. Supp. 2d 274, 301 (D.D.C. 2008) (citing the "Appropriations Clause," U.S. Const. art. 1, § 9, cl.7). Nevertheless, Kraft argues without any citation that "[a]ttorneys' fees for litigating the contempt issue itself fall outside the category of monetary sanctions that require a sovereign immunity waiver." (Dkt. No. 360, at 9.) Courts have rejected that proposition, *see, e.g.*, *Yancheng Baolong Biochem.. Prod. Co. v. United States*, 406 F.3d 1377, 1382-83 (Fed. Cir. 2005); *United States v. Horn*, 29 F.3d 754, 765-66 (1st Cir. 1994); *Alexander*, 541 F. Supp. 2d at 300–02, and, as the First Circuit said, it "makes very little sense." *Horn*, 29 F.3d at 765. "[A]ny and all such fee awards would deplete the public coffers, and, consequently, they all must stand on the same footing vis-à-vis principles of sovereign immunity." *Id.* at 766. The Supreme Court has confirmed without exception that "the Government is immune from claims for attorney's

fees" unless Congress "has waived [sovereign] immunity." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983). It is undisputed that Congress has not waived immunity here, so Kraft's claim is invalid and cannot sustain a live controversy.

Kraft cites a handful of cases where courts awarded fees, but none of them said anything about federal sovereign immunity. The single immunity case it cites is *Hutto v. Finney*, 437 U.S. 678 (1978), but in that case the Supreme Court held only that a *state* may be ordered to pay attorney's fees *under a specific civil rights statute*, 42 U.S.C. § 1988, which authorizes "a reasonable attorney's fee as part of the costs." *Hutto*, 437 U.S. at 693 & n.21. Kraft reads *Hutto* for the much broader proposition that a court's power to assess the government for attorney's fees is "ancillary to the federal court's power to impose injunctive relief" (Dkt. No. 360 at 10), but the Supreme Court has rejected that interpretation: Just one year after *Hutto*, the Court confined it to Section 1988 cases only, because Congress in that statute affirmatively "over[o]de the Eleventh Amendment immunity of the States" and "firmly rejected the suggestion that States should be immune from fee awards." *Quern v. Jordan*, 440 U.S. 332, 344-45 (1979); *see also Brown v. Secretary of the Army*, 78 F.3d 645, 653-54 (D.C. Cir. 1996) (declining to extend *Hutto* to Title VII claims against the federal government). It is therefore still the case that where the government's sovereign immunity "comes head-to-head with a lower court's *inherent* authority," the "government's sovereign immunity wins." *United States v. Droganes*, 728 F.3d 580, 590 (6th Cir. 2013) (emphasis added).

**III. There Is No Basis to Absolve Kraft of Liability.**

Kraft complains that when the Court vacated the Consent Order, the company lost the "benefit of their bargain" limiting its liability to $16 million, so the Court should reinstate that

3

much of the settlement by limiting the CFTC's claims to that amount.[2] (Dkt. No. 360, at 7.) But the Court did not vacate the settlement due to contempt by the CFTC. It did so because the Seventh Circuit rejected Kraft's legally defective accusations against the Commission about the Concurrence, because the statement's authors were "not parties to the agreement" and they had an absolute "right to publish an explanation of [their] vote[s]." *In re CFTC*, 941 F.3d 869, 872-73 (7th Cir. 2019); (*see* Dkt. No. 355, at 1 (vacating the settlement in light of "the Seventh Circuit's ruling")). The only potential contempt issues left open by the Seventh Circuit ruling were the "four statements in the Commission's press release." *In re CFTC*, 941 F.3d at 873-74. The Court did not vacate the settlement based on those four statements; it did so based on the Seventh Circuit's ruling that *other* statements—those by Commissioners—were permitted by the Consent Order and therefore provide no basis for contempt. (Dkt. No. 355, at 1.) As Kraft admits, there must be "a nexus" between any supposed misconduct and any remedy (Dkt. No. 360, at 7), but there is no nexus between the four statements and the Court's order vacating the settlement. If Kraft wants to regain the "benefit" of the $16 million penalty, its remedy is to appeal the Court's vacatur order—not to demand it be let off the hook for its illegal activity.

That defect aside, Kraft's proposed sanction (for which it offers no precedent) is punitive, not remedial, which Kraft concedes is not permitted. (Dkt. No. 360, at 3.)[3] Indeed it would be doubly irrational because the general public, and not the CFTC, would suffer the consequences.

---

[2] In the alternative, Kraft suggests that the Court bar the CFTC from presenting evidence to support a judgment in excess of $16 million (Dkt. No. 360, at 7), but that is the same thing.
[3] The cases Kraft does cite, where courts imposed different and much lesser punitive sanctions, are not even contempt cases—one is a Rule 11 case, *Johnson v. Sec'y, Dept. of Health & Human Servs.*, 587 F. Supp. 1117, 1121 (D.D.C. 1984), which does not apply here, and the other is a spoliation case in which the Court of Federal Claims imposed explicitly penal sanctions under Rule 37, which also does not apply here, to "punish the spoliator" and "deter future misconduct." *United Med. Supply Co., Inc. v. U.S.*, 77 Fed. Cl. 257, 264 (2007). In neither case did the court absolve the defendant of liability as Kraft requests here.

This is not a suit between private parties—it is a government enforcement action to redress fraudulent market manipulation by Kraft. The purpose of seeking a civil monetary penalty is not to compensate the CFTC, but to "deter fraudulent behavior," "protect consumers," and "ensure the integrity of the commodities markets." *Grossfeld v. CFTC*, 137 F.3d 1300, 1303 (11th Cir. 1998). The scale and seriousness of Kraft's misconduct, which the CFTC will prove at trial, gives rise to a strong public interest in a substantial penalty; and Kraft admits the company's potential exposure is far more than the $16 million settlement amount. (Dkt. No. 315, at 7 n.6 (disputing as "false" that $16 million is "as much as the Commission could reasonably expect to obtain" and citing "$52.1 million").) The $16 million compromise did not reflect a determination by the Commission that a higher penalty was unwarranted. If the case goes to trial, the Commission will seek whatever amount is justified to vindicate the public's interests and punish Kraft for its wrongdoing. To absolve Kraft of those consequences is not a remedy for anything.

**IV. The Court Cannot Issue an Advisory Opinion to "Shame" the CFTC.**

Finally, Kraft argues that even if the Court cannot grant a remedy, it should issue an order anyway that "defines and discloses the CFTC's wrongful conduct." (Dkt. No. 360, at 3.) But where there is "no remedy to grant," courts do not "provid[e] opinions upon moot questions or abstract propositions." *Board. of Educ. of Downers Grove Grade Sch. Dist. No.58 v. Steven L.*, 89 F.3d 464, 467 (7th Cir. 1996). Kraft cites two cases where courts reprimanded the government, but in both instances the reprimand was paired with tangible relief. *See Hall v. Stone*, 170 F.3d 706, 708 (7th Cir. 1999) (ordering a warden to "put into place an administrative system"); *United States v. Prince*, No. CR 93-1073, 1994 WL 99231, at *1 (E.D.N.Y. March 10,

5

1994) (reprimand issued simultaneously with an assessment of jury costs, but later vacating the assessment).  Here, Kraft is entitled to no relief, so the motion for contempt is moot.

## CONCLUSION

For the foregoing additional reasons, the Court should deny Kraft's motion.

Date: December 2, 2019                    Respectfully submitted,

/s/Martin B. White
Daniel J. Davis
  *General Counsel*
Robert A. Schwartz
  *Deputy General Counsel*
Martin B. White
  *Assistant General Counsel*
Alex T. Case
  *Assistant General Counsel*
Raagnee Beri
  *Assistant General Counsel*

U.S. Commodity Futures Trading Commission
3 Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
(202) 418-5649

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 2, 2019, I served the foregoing on counsel of record via the Court's ECF system.

                                                  /s/Martin B. White