**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> KRAFT FOODS GROUP, INC. and MONDELĒZ GLOBAL LLC, <br><br> Defendants. | Case No. 15 C 2881 <br><br> Judge John Robert Blakey |

**DEFENDANTS' RESPONSE TO PLAINTIFF CFTC'S
MOTION FOR RELIEF FROM ORDER**

Consistent with the Court's March 12, 2020 order, Defendants submit this response to the CFTC's March 11, 2020 motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(6). Dkt. No. 384.

First, the CFTC's motion is premature. The Court has not yet issued its final ruling on Defendants' contempt motion, identified the relief (if any) it will accord, or articulated the factual and legal bases for its decision.

Second, Defendants' contempt motion is not, and has never been, moot. Defendants agreed to withdraw their contempt motion only after the parties signed the proposed consent order *and* after the consent order had been approved and "entered by the Court." Dkt. No. 379 at 4:23-5:3; *see also* Dkt. No. 382 at 1 (withdrawal is "contingent upon the Court's approval of the proposed consent order"). The Court has not approved the parties' proposed consent order, in part because the Court requested that the parties revisit certain provisions following its contempt ruling. Dkt. No. 387 at 23-24. As reflected in Defendants' contingent motion to withdraw,

1

however, the parties' agreement to settle the case was not conditioned or dependent upon the Court's ruling on contempt. Dkt. No. 382 at 1.

*Third*, the Court has afforded the CFTC numerous opportunities to submit any evidence it felt was necessary to respond to the contempt motion. The CFTC chose not to do so. The CFTC's position has been—at least until the Court entered its February 14 order—that the Court should decide the motion based on the briefs already submitted. Defendants agree, and stand by the factual assertions in their filings and sworn declaration. The record before the Court provides an appropriate basis for the Court to determine what the interest of justice requires.

| | |
|---|---|
| Dated: March 19, 2020 | Respectfully submitted, |
| | KRAFT FOODS GROUP, INC. and MONDELĒZ GLOBAL LLC |
| | /s/ Dean N. Panos |
| | Dean N. Panos<br>J. Kevin McCall<br>Nicole A. Allen<br>Thomas E. Quinn<br>JENNER & BLOCK LLP<br>353 N. Clark Street<br>Chicago, IL 60654-3456<br>Telephone: (312) 222-9350 |
| | Gregory S. Kaufman (*pro hac vice*)<br>EVERSHEDS SUTHERLAND (US) LLP<br>700 Sixth St., N.W., Suite 700<br>Washington, D.C. 20001<br>Telephone: (202) 383-0325<br>Email: gregkaufman@eversheds-sutherland.com |
| | *Attorneys for Kraft Foods Group, Inc. and Mondelēz Global, LLC* |