UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. Commodity Futures Trading Commission, | |
| Plaintiff, | Case No. 15-CV-2881 |
| v. | |
| Kraft Foods Group, Inc., and Mondelēz Global LLC, | Judge John Robert Blakey |
| Defendants. | |

# ORDER

The CFTC sued Kraft in 2015, alleging unlawful manipulation of the national wheat market. Kraft denied the allegations, and, after years of zealous litigation, the parties settled their dispute via a settlement conference with this Court. On August 14, 2019, based upon the parties' own agreement, this Court entered an agreed Consent Order [310]. Among other provisions, the parties agreed to a confidentiality clause in Paragraph 8 of Section I, which stated that: "Neither party shall make any public statement about this case other than to refer to the terms of this settlement agreement or public documents filed in this case, except any party may take any lawful position in any legal proceedings, testimony or by court order." *Id.* at 3.

The day after this Court entered the parties' Consent Order, Plaintiff CFTC issued a press release and published public relations statements on its own website, [316-1], [316-2], [316-3] ("CFTC Press Materials"), in direct violation of the obligations the CFTC had voluntarily assumed by negotiating, approving, and executing the Consent Order. For example, the CFTC violated its own confidentiality provision when, in touting its victory, the CFTC Press Materials asserted various unproven claims (well outside the scope of the confidentiality clause) about Kraft's actions in the market. Clearly, the CFTC willfully violated the clause, even if one excludes the actions of CFTC commissioners themselves as separate actors, because the CFTC itself engaged in misconduct, as a party to this case, when it issued its own press statements and when it also published the statements of "others" (*i.e.*, its commissioners and agents).

Additionally, beyond any provision of the Consent Order, Plaintiff CFTC also willfully violated, via the publication of the same CFTC Press Materials, the routine orders of this Court regarding the requisite confidentiality of settlement proceedings. Following common practice nationwide, this Court had advised the parties at the

1

outset of the settlement conference that the proceeding would remain confidential by court order. This Court's standard instructions were crystal clear:

> Whatever happens stays here even if you settle the case. So anything I say during the settlement conference, anything the parties say during the settlement conference – whether it's the joint session or the separate *ex parte* sessions – is not admissible or even disclosable to anyone at any time in any pleading or at any cocktail party so that's a condition of going forward.

[303] at 3. With participation in the settlement conference predicated upon this condition, counsel for both parties consented, on the record, to this Court's requisite settlement procedures, including its command to maintain the confidentiality of any settlement conversations (whether on or off the record). *Id.* at 4; *see also* [302] ("Consistent with the settlement protocol, the parties may not discuss the settlement conference."). Nevertheless, Plaintiff CFTC disregarded this Court's lawful orders.[1]

Naturally, Defendant Kraft moved for sanctions [315], [316]. Given the disputed motion, this Court set a status for September 27, 2019, [350], and intended to hear argument on the proper scope of any hearings on Kraft's motions. For example, this Court intended to hear from the parties and determine the merits of CFTC's procedural objections and assertions of executive privilege, and whether Kraft possessed a sufficient basis to compel high-ranking officials to provide testimony due to "extraordinary circumstances" for such testimony. *See SEC v. Comm. on Ways & Means of the U.S. House of Reps.*, 161 F. Supp. 3d 199, 251 (S.D.N.Y. 2015); *Sherrod v. Breitbart*, 304 F.R.D. 73, 75 (D.D.C. 2014).[2] But, before

---

[1] For example, one of several violative statements by the CFTC provided: "In unanimously approving the settlement, our Commission considered carefully Paragraph 8 of Section I of the Consent Order, *which was included at the Court's request*[.]" [316-2] at 2 (emphasis added). The CFTC Statement plainly discloses the contents of the settlement conference by saying that the parties included a provision of the Consent Order *at this Court's request*. The CFTC thus violated this Court's unambiguous commands and the violation "was significant" in that the CFTC did not demonstrate substantial compliance with this Court's orders. *Ohr ex rel. NLRB v. Latino Exp., Inc.*, 776 F.3d 469, 474 (7th Cir. 2015). Moreover, this violation also constituted a material mischaracterization of the truth where this Court made no "request" of any party, but rather simply conveyed options between the two parties themselves, which each party was free to accept, reject, or modify. Put simply, the CFTC did not comply at all, much less substantially comply, with this Court's settlement conference orders.

[2] Here, Kraft argued it could show that such extraordinary circumstances existed because, among other things, the CFTC commissioners had unique personal knowledge of relevant facts, having purportedly authored some of the offending statements themselves. *See Est. of Richardson v. Kanouse*, No. CV 10-5999 DDP (SSX), 2013 WL 12113222, at *2 (C.D. Cal. Mar. 18, 2013); *Bagley v. Blagojevich*, 486 F. Supp. 2d 786, 789–90 (C.D. Ill. 2007); *Tranzact Techs., Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005) ("Due process requires a district court to resolve relevant factual disputes— allowing discovery and holding an evidentiary hearing if necessary—in a civil contempt proceeding.").

2

this Court got a fair opportunity to hear out the parties on the predicate procedural issues, the CFTC filed an appeal to halt the contempt proceedings, [353].

On October 22, 2019, the Seventh Circuit issued its opinion [354]. In its ruling, the Seventh Circuit did not address CFTC's violations of this Court's own settlement conference orders, and instead simply rejected CFTC's baseless request to disqualify this Court and held that no further evidentiary hearing need occur for this Court to rule and that the Consent Order executed by the CFTC did not bind the CFTC commissioners (and thus, they need not provide testimony and the contempt motions should proceed only as to the CFTC itself, rather than any individual parties).

In compliance with the Seventh Circuit's order, this Court relied upon the current record to issue its rulings. Specifically, based upon the CFTC's contention on appeal that it supposedly never thought the Consent Order prohibited the CFTC from publishing the CFTC Press Materials, and Kraft's obviously contrary view, this Court found that a material term of the parties' Consent Order remained in dispute (namely, the confidentiality provision); and thus, this Court vacated the Consent Order. [355].[3] Based upon the record presented, this Court also granted, in part, Kraft's motions for contempt against the CFTC itself, and advised that additional factual findings on the matter would be issued via a separate order. [378].

Subsequently, on March 4, 2020, Kraft moved to withdraw its motion for contempt "contingent upon the Court's approval" of a revised proposed consent order that the parties had negotiated in resumed settlement discussions. [382] at 1. The parties also noted that, if the Court were to issue detailed factual findings on its prior contempt ruling, then those findings might impact the parties' settlement and may require revisions to the proposed consent order. [387]. On March 11, 2020, the CFTC moved to vacate the February 14, 2020 contempt finding based upon mootness [384]; Kraft, however, disagreed that its prior motion for contempt was moot, and stated that it had only agreed to withdraw the previously granted motion, if and only if, this Court approved the parties' new proposed consent order. [389] at 1–2.[4] Quite simply, Kraft indicated that, even though the factual and legal basis for the contempt findings remained, Kraft wanted to advise the Court that the parties still wanted to resolve their dispute, contingent to this Court's approval. On March 31, 2021, this Court

---

[3] *See Pearson v. Target Corp.*, 893 F.3d 980, 985 (7th Cir. 2018) (vacating the Consent Order served Rule 60(b)(6)'s goal of restoring equity between the parties); *see also, e.g.*, *Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 986 (7th Cir. 1989) (Ripple, J., dissenting) ("affirmative misleading of a party" "can constitute the 'extraordinary circumstances' demanded by Rule 60(b)(6)").

[4] In the briefing, Kraft also noted that even though the Seventh Circuit's decision might have mooted the issue of contempt against individual Commissioners, it did not moot the issue of contempt against the CFTC as an entity [360]. In fact, the Seventh Circuit declined to issue any writ with respect to contempt against the CFTC, finding that the CFTC's "argument for mandamus on this subject is weak." *In re Commodity Futures Trading Commission*, No. 19-2769 (7th Cir. Oct. 7, 2019) [36] at 7.

3

issued an order denying Kraft's motion to withdraw its contempt motion except to the extent Kraft was asking the Court to ensure that its forthcoming findings on contempt reflected the "changed circumstances" of potential settlement, [400].

Mindful of the parties' concerns above, considering the posture of the case as the pandemic begins to ease, and with the benefit of lengthy and considerable reflection (to say the least), this Court will forego making more detailed factual findings in support of the prior contempt ruling. Instead, this Court reserves jurisdiction for making such findings prior to entry of final judgment only if future proceedings warrant them. In other words, the hope is that the findings and admonishments of this short order alone will suffice to bring the contempt matter to a close.

To be sure, federal courts possess inherent power to enforce compliance with their lawful orders through civil contempt. *Spallone v. United States*, 493 U.S. 265, 276 (1990). And, as previously made clear, the record here contains clear and convincing evidence that, when the CFTC published the CFTC Press Materials, it willfully violated the unambiguous and lawful confidentiality commands included in <u>both</u> the parties' Consent Order and this Court's routine settlement conference orders. Although this Court need not find willfulness or bad faith to hold the CFTC in contempt, *see Taggart v. Lorenzen*, --- U.S. ---, 139 S. Ct. 1795, 1802 (2019), the facts here overwhelming support the prior contempt finding by this Court.[5]

Indeed, the record confirms that the CFTC expressly agreed to abide by the confidentiality requirements, and then intentionally worked to unilaterally circumvent them with the CFTC Press Materials. In addition to other evidence, Kraft proffered compelling facts showing that the CFTC engaged in improper gamesmanship in finalizing the draft Consent Order and then publishing the CFTC Press Materials. *See* [339-1] at 3 (documenting, among other things, actions by the CFTC that remain totally inconsistent with any purported belief that the Consent Order did not prohibit the publication of the CFTC Press Materials). This evidence stands unrebutted by the CFTC who failed to credibly undermine Kraft's showing (and otherwise successfully preempted a full evidentiary hearing on Kraft's motion). Moreover, Kraft's evidence also comports with this Court's own observations (both on the record and off the record during the settlement conference) that Kraft's request for the confidentiality provision constituted a material term to Kraft, and that the CFTC acted willfully, and in bad faith, in publishing the CFTC Press Materials after

---

[5] This Court may find civil contempt if clear and convincing evidence exists as to four elements: (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated the command; (3) the violation "was significant," meaning that the alleged contemnor "did not substantially comply" with the order; and (4) the alleged contemnor failed to take steps to reasonably and diligently comply with the order. *Ohr*, 776 F.3d at 474; *SEC v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010). The present record more than satisfied this standard.

4

agreeing not to engage in such conduct. This Court hereby adopts Kraft's proffer of evidence as part of this Court's findings of fact today.

Beyond the Consent Order, the record also confirms that the CFTC willfully violated this Court's orders concerning participation in settlement negotiations when the CFTC intentionally disclosed (and in part misrepresented) the contents of the settlement conference discussions in bad faith. Among other concerns, CFTC's misconduct here raises troubling concerns for the future, because its actions fundamentally erode the long-established protocols for settlement conferences in both state and federal court. *See, e.g., Suenos, LLC v. Goldman*, No. CV10-1034-TL, 2014 WL 460965, at *1 (D. Ariz. Feb. 5, 2014) ("failure to protect the confidentiality of settlement communications would chill the settlement process" as an "open and frank discussion of the strengths and weaknesses of a case is required for effective settlement negotiations" and the publication of settlement communications discourages "the very candor necessary to the process"); *Davis v. Kan. City Fire & Marine Ins. Co.*, 195 F.R.D. 33, 38 (N.D. Okla. 2000) ("A well-functioning settlement program is essential to the efficient administration of justice in the federal court system . . . . The confidentiality requirements of the Local Rules and the Settlement Conference Order are absolutely necessary to ensure the effectiveness of the program."). Future litigants should take note of the CFTC's position that consent orders only bind the CFTC, but not its commissioners or agents who, apparently, may act with impunity.[6]

In the end, the CFTC's contemptuous actions undermine the rule of law, especially where, as here, the plaintiff represents an agency of the United States government. As an entity exercising federal executive power, the CFTC is the "representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all" and while it may pursue its cases "with earnestness and vigor" and "strike hard blows," it is "not at liberty to strike foul ones." *Berger v. United States*, 295 U.S. 78, 88

---

[6] Settlement, of course, is an elective process. And this Court does not force litigants to engage in settlement conferences. But if they do elect to participate in a settlement conference, this Court expects them to follow this Court' lawful orders regarding confidentiality. Doing so ensures not only the integrity of all settlement conferences conducted daily by district and magistrate judges throughout the country, but it also protects and aids the parties themselves by ensuring good faith, candid communications about the strengths and weaknesses of their positions. Absent such baseline agreements, a settlement conference is a total waste of time and judicial resources. Here, the CFTC expressly agreed to abide by the standard confidentiality protocol, and then secretly contemplated how it could circumvent its obligations under that protocol. When Kraft denied the CFTC's request to remove the confidentiality provision, the CFTC could have, and should have, rejected the settlement, and re-entered into negotiations, rather than unilaterally adopt an undisclosed legal interpretation that the confidentiality provision bound only the CFTC but not those charged with carrying out the CFTC's business. *See Nelson v. Steiner*, 279 F.2d 944, 948 (7th Cir. 1960) (stating that the executive branch of government has "no right to treat with impunity the valid orders of the judicial branch"); *Am. Rivers v. U.S. Army Corps of Eng'rs*, 274 F. Supp. 2d 62, 70 (D.D.C. 2003) ("Litigants may not defy court orders because their commands are not to the litigants' liking.").

(1935). Here, the CFTC struck foul blows. Its conduct in this case violated the public trust, as well as the CFTC's own core values and its long tradition of providing excellent service to the nation.

Nevertheless, if, despite the CFTC's misconduct, the parties wish to finalize a resolution of this matter, then this Court will not impede that process further by imposing any sanctions for civil contempt beyond the reprimand contained in this short order.

On or before April 29, 2022, the parties shall file a status report and submit, if they wish, an updated proposed Consent Order to this Court's proposed order in-box for review.

Dated: April 15, 2022

Entered:

_____
John Robert Blakey
United States District Judge