IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> KRAFT FOODS GROUP, INC. and MONDELĒZ GLOBAL LLC, <br><br> Defendants, | Civil Action No: 15-2881 <br><br> Hon. John Robert Blakey |

## CONSENT ORDER

On April 1, 2015, Plaintiff Commodity Futures Trading Commission (the "Commission" or "CFTC") filed a Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief (Dkt. 1) against Defendants Kraft Foods Group, Inc. and Mondelēz Global LLC (collectively, "Defendants") alleging that Defendants used or attempted to use a manipulative or deceptive device in connection with the December 2011 wheat futures contract traded on the Chicago Board of Trade (Count I), manipulated or attempted to manipulate the price of the December 2011 wheat futures contract and of cash wheat (Count II), unlawfully held December 2011 wheat futures positions in excess of speculative position limits (Count III), and engaged in wash sales or fictitious sales by trading both sides of EFP contracts (Count IV) in violation of Sections 4a(b), 4a(e), 4c(a), 6(c)(1), 6(c)(3), and 9(a)(2) of the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 6a(b), 6a(e), 6c(a), 9(1), 9(3), 13(a)(2) (2012), and Commission Regulations ("Regulations") 1.38, 150.2, 180.1, and 180.2, 17 C.F.R. §§ 1.38, 150.2, 180.1, 180.2 (2019).

1

Defendants filed their Answer (Dkt. 88) on January 15, 2016, and have denied that they (1) used or attempted to use a manipulative or deceptive device in connection with the December 2011 wheat futures contract traded on the Chicago Board of Trade as alleged by the CFTC in Count I of the Complaint; (2) manipulated or attempted to manipulate the price of the December 2011 wheat futures contract and of cash wheat as alleged by the CFTC in Count II of the Complaint; (3) unlawfully held December 2011 wheat futures positions in excess of speculative position limits as alleged by the CFTC in Count III of the Complaint; and (4) engaged in wash sales or fictitious sales by trading both sides of EFP contracts as alleged by the CFTC in Count IV of the Complaint. Defendants denied any violation of Sections 4a(b), 4a(e), 4c(a), 6(c)(1), 6(c)(3), and 9(a)(2) of the CEA, 7 U.S.C. §§ 6a(b), 6a(e), 6c(a), 9(1), 9(3), 13(a)(2) (2012), and Regulations 1.38, 150.2, 180.1, and 180.2, 17 C.F.R. §§ 1.38, 150.2, 180.1, 180.2 (2014).

The CFTC and Defendants have reached a resolution and are settling this action in accordance with the terms arising from the Court's settlement conference on March 22, 2019 and as set forth below.

## I. CONSENTS AND AGREEMENTS

To effect settlement of the matters alleged in the Complaint without a trial on the merits or any further judicial proceedings:

1. The CFTC and Defendants consent to the entry of this Consent Order and agree to be bound by its terms;

2. The Court has jurisdiction over the parties and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012);

3. The CFTC has jurisdiction over the conduct and transactions at issue in this action pursuant to the Act, 7 U.S.C. §§ 1-26 (2012);

4. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C.

2

§ 13a-1(e) (2012);

5.  The CFTC and Defendants waive any and all rights of appeal from this action.

6.  The CFTC and Defendants consent to the continued jurisdiction of this Court over them for the purpose of implementing and enforcing the terms of this Consent Order.

7.  The CFTC and Defendants do not consent to the use of this Consent Order by any party in any other proceeding.

## II. INJUNCTION

Nothing in this Order reflects an agreement or a legal determination that Defendants have or have not violated any provision of the CEA. Defendants agree to, and the Court hereby orders, the entry of an injunction prohibiting the Defendants from in the future violating any provision of the CEA, 7 U.S.C. §§ 1-26 (2018), and Regulations, 17 C.F.R. Pt. 1-190 (2019).

## III. CIVIL MONETARY PENALTY

Defendants agree to pay, and the Court orders, a monetary penalty according to the terms set forth below:

1.  Defendant Mondelēz Global shall pay a civil monetary penalty in the amount of SIXTEEN MILLION DOLLARS ($16,000,000) ("CMP Obligation") within ninety (90) days of the date of entry of this Consent Order. Defendants are jointly and severally liable for the CMP Obligation. If the CMP Obligation is not paid in full within ninety days of the date of entry of this Consent Order, then post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961 (2012).

2.  Defendant Mondelēz Global shall pay the CMP Obligation and any post-judgment interest by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer,

then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> MMAC/ESC/AMK326
> Commodity Futures Trading Commission
> 6500 S. MacArthur Blvd.
> HQ Room 266
> Oklahoma City, OK 73169
> 9-amc-ar-cftc@faa.gov

If payment by electronic funds transfer is chosen, Defendants shall contact Tonia King or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the CMP Obligation with a cover letter that identifies Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

3.  **Partial Satisfaction:** Acceptance by the CFTC of any partial payment of Defendants' CMP Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to this Consent Order, or a waiver of the CFTC's right to seek to compel payment of any remaining balance.

## IV. MISCELLANEOUS PROVISIONS

4.  **Notice:** All notices required to be given by any provision in this Consent Order shall be sent certified mail, return receipt requested, with reference to the name and docket number of this action, as follows:

**Notice to the CFTC:**

> Robert Howell, Deputy Director
> U.S. Commodity Futures Trading Commission, Division of Enforcement
> 77 W. Jackson Blvd.
> Chicago, IL 60661

**Notice to Defendants:**

    Kraft Foods Group, Inc. and Mondelēz Global LLC
    C/O Jenner & Block LLP
    Attn: Dean N. Panos and J. Kevin McCall
    353 N. Clark Street
    Chicago, IL 60654-3456

5. **Change of Address/Phone:** Until such time as Defendants satisfy in full their CMP Obligation as set forth in this Consent Order, Defendants shall provide written notice to the CFTC by certified mail of any change to their telephone number or mailing address within ten calendar days of the change

6. **Entire Agreement and Amendments:** This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

7. **Invalidation:** If any provision of this Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

8. **Waiver:** The failure of any party to this Consent Order at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

9. **Continuing Jurisdiction of this Court:** Upon entry by the Court of this Consent Order all of the claims asserted by the CFTC in the Complaint are dismissed with prejudice.

However, this Court shall retain jurisdiction of this action to ensure compliance with this Consent Order.

10. Injunctive Provisions: The injunctive provisions of this Consent Order shall be binding upon Defendants, upon any person under their authority or control, and upon any person who receives actual notice of this Consent Order insofar as he or she is acting in active concert or participation with Defendants.

11. Authority: Undersigned Counsel for Defendants hereby warrants that he is the attorney for Defendants Kraft Foods Group, Inc. and Mondelēz Global LLC, and that this Consent Order has been duly authorized by Defendants Kraft Foods Group, Inc. and Mondelēz Global LLC, and that he has been duly empowered to sign and submit this Consent Order on behalf of Defendants Kraft Foods Group, Inc. and Mondelēz Global LLC.

12. Counterparts and Execution: This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by hand delivery or certified mail) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Order.

IT IS SO ORDERED on this 13th day of May 2022.

UNITED STATES DISTRICT JUDGE

**CONSENTED TO AND APPROVED BY:**

_____
Kraft Foods Group, Inc.

Date: _____

_____
Mondelēz Global LLC

Date: May 10, 2022

Approved as to form:

_____
Dean N. Panos
J. Kevin McCall
Nicole A. Allen
Thomas E. Quinn

Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 222-9350
dpanos@jenner.com

Gregory S. Kaufman
Eversheds Sutherland
700 Sixth Street, NW
Washington, DC 20001-3980
(201) 383-0325
gregkaufman@eversheds-sutherland.com

Attorneys for Kraft Foods Group, Inc. and Mondelēz Global LLC

_____
Robert Howell
Douglas Snodgrass

Attorneys for U.S. Commodity Futures
Trading Commission
Division of Enforcement
77 W. Jackson Blvd.
Chicago, IL 60604
(312) 596-0590 (Howell)
(312) 596-0663 (Snodgrass)
rhowell@cftc.gov
dsnodgrass@cftc.gov

*[signature]*

_____
Kraft Foods Group, Inc.

Date: 5/11/2022


_____
Mondelēz Global LLC

Date: _____

Approved as to form:

_____
Dean N. Panos
J. Kevin McCall
Nicole A. Allen
Thomas E. Quinn

Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 222-9350
dpanos@jenner.com

Gregory S. Kaufman
Eversheds Sutherland
700 Sixth Street, NW
Washington, DC 20001-3980
(201) 383-0325
gregkaufman@eversheds-sutherland.com

Attorneys for Kraft Foods Group, Inc. and
Mondelēz Global LLC

_____
Robert Howell
Douglas Snodgrass

Attorneys for U.S. Commodity Futures
Trading Commission
Division of Enforcement
77 W. Jackson Blvd.
Chicago, IL 60604
(312) 596-0590 (Howell)
(312) 596-0663 (Snodgrass)
rhowell@cftc.gov
dsnodgrass@cftc.gov

7